UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERRY M. O'DELL,

                                  Plaintiff,

     v.                                                 9:23-CV-1092
                                                               (TJM/DJS)

DR. GREG KAJAWSKI, et al.,

                                  Defendants.
_____

APPEARANCES:

JERRY M. O'DELL
Plaintiff, pro se
5095
Delaware County Correctional Facility
280 Phoebe Lane
Suite 6
Delhi, NY 13753

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

On August 29, 2023, pro se plaintiff Jerry O'Dell ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and Section 504 of the Rehabilitation Act ("RA") with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). The complaint contained allegations of wrongdoing that occurred, if at all, while plaintiff was at Delaware County Correctional Facility ("Delaware County C.F.").

1

*See generally* Compl.

By Decision and Order filed on September 13, 2023 (the "September Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  Dkt. No. 4.  The Court dismissed all claims, without prejudice, for failure to state a cause of action.  *Id*.  In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*.

Plaintiff's amended complaint is now before the Court for review.  Dkt. No. 6 ("Am. Compl.").

## II.   SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the September Order and it will not be restated in this Decision and Order.  See Dkt. No. 4 at 2-4.

### B.  Summary of Amended Complaint

The factual allegations against defendants Dr. Greg Kajawski ("Kajawski"), Nurse Ira Fife ("Fife"), Nurse Bethany Brinkeroff ("Brinkeroff"), and Delaware County C.F. asserted in the amended complaint are substantially the same as those in the complaint.  *Compare* Compl. *with* Am. Compl.

Upon entering the MAT Program[1], plaintiff was evaluated and found to be suffering

---

[1] The Medication-Assisted Treatment Program for inmates suffering from opioid use disorder.  *See* http://www.co.delaware.ny.us (last visited Sept. 11, 2023).

2

from severe opiate withdrawal and addiction. Am. Compl. at 7. Beginning in December 2022, plaintiff filed "multiple sick call slips" complaining of headaches, depression, and suicidal thoughts. *Id*. at 6. Plaintiff "approached" Brinkeroff and Fife "on multiple occasions during med pass" and voiced his complaints. *Id.* Defendants "took vitals upon complaints." *Id.* Plaintiff told defendants that his "dosage of Bypenorphin needed to be increased." Am. Compl. at 7. Defendants declined plaintiff's request stating that "no increase would be given to any inmate per Dr. Greg Kajawski orders." *Id*. Plaintiff alleges that Kajawski "refus[es] to see [plaintiff]" and has made remarks such as, "your [sic] a junky who just wants to get high." *Id*. Plaintiff argues that Kajawski's remarks are "a violation of [the] ADA." *Id*.

Construing the amended complaint liberally, plaintiff asserts the following: (1) Fourteenth Amendment deliberate medical indifference claims; (2) ADA claims; and (3) claims related to New York State Minimum Standards. *See generally* Am. Compl. at 8. Plaintiff seeks monetary damages. *See id.* at 5.

**C.   ANALYSIS**

**1. Claims Against Delaware County C.F.**

The law related to the Eleventh Amendment was discussed in the September Order; it will not be restated here. *See* Dkt. No. 4 at 6-7. There, the Court dismissed plaintiff's section 1983 claims seeking monetary damages against Delaware County C.F. as barred by the Eleventh Amendment, with prejudice. *Id.* To the extent that plaintiff attempts to reassert section 1983 claims for money damages against Delaware County C.F. in the amended complaint, those claims are dismissed, with prejudice, for the reasons set forth in the September Order.

3

### 2. Deliberate Medical Indifference Claims

In the September Order, the Court dismissed plaintiff's deliberate medical indifference claims noting that, under the Eighth or Fourteenth Amendment, "plaintiff's ambiguous allegations" fail to plausibly suggest that defendants were personally involved with plaintiff's medical treatment or acted with deliberate indifference. Dkt. No. 4 at 11. The Court held:

> Plaintiff alleges that he reported his complaints to "medical staff" and "officers," but he has not pleaded that he directed any complaints to the named defendants. Plaintiff has not pleaded that the defendants were involved in any decision related to the MAT Program and the complaint lacks facts suggesting that plaintiff requested treatment from defendants, when he made his requests, and what response, if any, he received to the requests. Indeed, there are no allegations suggesting that plaintiff saw or spoke with defendants at any time since January 2023.
>
> Plaintiff's conclusory deliberate indifference claims are not supported by facts suggesting that defendants knew of and disregarded an excessive risk to plaintiff's safety or "recklessly failed to act" in response to his medical needs.

Dkt. No. 4 at 11.

With the amended pleading, plaintiff attempts to cure the deficiencies in his complaint and clarifies that his claims are pursuant to the Fourteenth Amendment, suggesting he was a pretrial detainee at the time of the alleged incidents. *See* Am. Compl. at 3.

Despite the additional allegations, the amended complaint lacks sufficient facts to suggest that Brinkeroff or Fife "recklessly failed to act" in response to plaintiff's medical needs. To wit, the amended complaint does not include facts related to when, where, or how many times he sought treatment from defendants. Further, plaintiff concedes that defendants "took his vitals" but complains that they would not increase his medication. At most, these allegations suggest nothing more than a dissatisfaction with a course of medical

treatment, which is insufficient to satisfy the subjective element of Fourteenth Amendment claim. *See Meisel v. Westchester County*, No. 18-CV-7202, 2020 WL 3472500, at *6 (S.D.N.Y. June 25, 2020) (dismissing Fourteenth Amendment deliberate indifference claim based upon the failure to increase medication and denial of requests to see a specialist); *see also Rutherford v. Correct Care Sols., LLC*, No. 18 CV 12049, 2020 WL 550701, at *6 (S.D.N.Y. Feb. 4, 2020) (reasoning that Fourteenth Amendment claims based upon the defendant's refusal to refer the plaintiff to a specialist "amount[ed] only to mere disagreement over the proper treatment of his condition" and failed to suggest that the defendant consciously or recklessly disregarded a substantial risk of serious harm); *Jones v. Westchester Cnty.*, No. 19-CV-9553, 2020 WL 5770756, at *4 (S.D.N.Y. Sept. 25, 2020) (dismissing pretrial detainee's allegations that medical personnel should have sent him to the hospital as a "mere disagreement over the proper treatment that does not rise to the level of a constitutional claim for deliberate indifference") (internal quotation marks omitted).

With respect to Kajawski, plaintiff claims Kajawski is "biased against the MAT program and has said multiple times he will take no action to help any inmate," however, the amended complaint lacks facts suggesting that Kajawski personally treated, saw, or spoke to plaintiff. Moreover, although plaintiff alleges that Kajawski "made remarks like 'your [sic] a junky who wants to get high," *see* Am. Compl. at 7, the amended complaint lacks facts related to when or where Kajawski made these remarks. In fact, it is unclear from the allegations whether Kajawski actually made these remarks to plaintiff or if plaintiff overheard the remarks in some other manner. Simply put, the amended complaint lacks facts suggesting that Kajaswski was personally involved in plaintiff's medical care. Plaintiff has not alleged when, where, or how

5

often he sought, or received treatment, from Kajawski. Indeed, plaintiff claims Kajawski "refus[es] to even see [him] and screen [him] to evalute [his] symptoms[.]" *Id.* Thus, the Court has no basis to plausibly infer from the allegations in the amended complaint that defendant denied plaintiff access to medical treatment out of deliberate indifference to his serious medical needs

A prisoner is not entitled to the treatment of his choice. *See Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir.1986). Without facts suggesting that defendants knew and disregarded an excessive risk to plaintiff's safety or acted recklessly in response to his medical needs, the complaint fails to state a deliberate indifference claim against them. Accordingly, plaintiff's deliberate medical indifference claims against defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C.  ADA Claims

In the September Order, the Court dismissed plaintiff's ADA claims holding:

> . . . plaintiff's one-sentence, cursory reference to the ADA and RA does not provide the Court will sufficient information to allow him to proceed. Plaintiff does not allege that he suffers from a disability and that he is being denied participation in Delaware County C.F. services, programs or activities due to a disability.

Dkt. No. 4 at 13.

Despite being afforded an opportunity to amend, the facts alleged in the amended complaint do not cure the deficiencies in plaintiff's ADA claims. Accordingly, for the reasons set forth in the September Order, plaintiff's ADA claims are dismissed.

### D.  Violations of the New York State Minimum Standards

6

In the September Order, the Court dismissed plaintiff's claims related to violations of the New York Minimum Standards for County Jails, 9 N.Y.C.R.R. § 7011, reasoning that "[a] violation of the NYCRR, without more, does not establish liability under § 1983. Dkt. No. 4 at 13 (citing *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985)).

Despite being afforded an opportunity to amend, the facts alleged in the amended complaint do not cure the deficiencies in this claim. Accordingly, for the reasons set forth in the September Order, plaintiff's claims related to violations of the New York Minimum Standards for County Jails are dismissed.

## III.   LEAVE TO AMEND TO CURE DEFICIENCIES

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355,

at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, plaintiff has already been provided one opportunity to amend his complaint. The deficiencies with his original complaint, identified by the court in its decision, have not been cured with the amended complaint.  Accordingly, the Court finds that any further amendment would be futile

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 6) is accepted for filing; and it is further

**ORDERED** that plaintiff's claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on plaintiff.

**DATED:** November 17, 2023

Thomas J. McAvoy
Senior, U.S. District Judge